IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| D. H. PACE COMPANY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | DEMAND FOR JURY TRIAL |
| | § | |
| PETER J. STEPHENS, ROBERT | § | |
| PAYNE, GLOBAL DISTRIBUTION | § | |
| SERVICES, INC., and DOES 1-10, all | § | |
| d/b/a "AMERICA'S CHOICE | § | |
| OVERHEAD GARAGE DOOR | § | |
| COMPANY," "ATLANTA'S | § | |
| CHOICE OVERHEAD GARAGE | § | |
| DOOR COMPANY," "GARAGE | § | |
| DOOR SERVICE COMPANY," | § | |
| "GARAGE DOOR SERVICES," | § | |
| "AMERICAN ALLIANCE | § | |
| OVERHEAD DOOR," "A-ABLE | § | |
| OVERHEAD DOOR," and | § | |
| "ATLANTA OVERHEAD DOOR," | § | |
| | § | |
| Defendants. | § | |

## **COMPLAINT**

D. H. Pace Company, Inc. ("Pace"), appearing through its undersigned

counsel, alleges its Complaint against Peter J. Stephens, Robert Payne, Global

Distribution Services, Inc., and Does 1-10, all doing business as America's Choice

Overhead Garage Door Company, Atlanta's Choice Overhead Garage Door

Company, Garage Door Service Company, Garage Door Services, American Alliance Overhead Door, A-ABLE Overhead Door, and Atlanta Overhead Door (collectively, "America's Choice") as follows:

## NATURE OF THE ACTION

1.     America's Choice is using words, images, colors, and other features in its advertising, in addition to other unfair and deceptive business practices, that are intentionally designed to mislead and confuse consumers into believing that America's Choice is the same company as -- or is sponsored, affiliated, or licensed by -- Pace, which in Atlanta goes by the trade name "Overhead Door Company of Atlanta." Defendants' conduct is unlawful under federal and state law.

2.     This is an action for unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*. ("Lanham Act"), for deceptive trade practices under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et. seq.* (2007), and for unfair competition in violation of O.C.G.A. § 23-2-55 (2007) and the common law of Georgia.

## PARTIES

3.     D. H. Pace Company, Inc. is a Delaware corporation having its principal place of business in Kansas City, Missouri. Pace does business in Georgia and in this District under the trade name "Overhead Door Company of

Atlanta," with a principal place of business at 221 Armour Drive, Atlanta, Georgia 30324.

4.      Pace is the greater metropolitan Atlanta area distributor for Overhead Door Corporation ("ODC"), a manufacturer of high quality doors and related products and equipment.  ODC is an Indiana corporation with its principal place of business at 2501 S. State Hwy 121, Lewisville, TX 75067.  ODC owns the federally registered (Reg. No. 1,807,028) Red Ribbon trademark incorporated in the logo below:



(the "Red Ribbon Mark").  Pace's distributorship agreement with ODC grants Pace the right to use in metropolitan Atlanta : (a) the Red Ribbon Mark and (b) the trade name "Overhead Door Company of Atlanta."

5.      Upon information and belief, Defendant Peter J. Stephens is a resident of California and is doing business in this District under a variety of trade names, including America's Choice Overhead Garage Door Company, Atlanta's Choice, Garage Door Service Company, Garage Door Services, American Alliance Overhead Door, A-ABLE Overhead Door, and Atlanta Overhead Door, with an address at P.O. Box 15067, San Diego, CA 92175 and principal places of business

in this District at 2909 Langford Rd., Suite 900B, Norcross, GA 30071 and at 1201 Peachtree Street, 400 Colony Square Suite 200, Atlanta, GA 30309.

6.      Upon information and belief, Defendant Robert Payne is a resident of Georgia and is doing business in this District under a variety of trade names, including America's Choice Overhead Garage Door Company, Atlanta's Choice, Garage Door Service Company, Garage Door Services, American Alliance Overhead Door, A-ABLE Overhead Door, and Atlanta Overhead Door, with principal places of business at 2909 Langford Rd., Suite 900B, Norcross, GA 30071 and at 1201 Peachtree Street, 400 Colony Square Suite 200, Atlanta, GA 30309.

7.      Upon information and belief, Defendant Global Distribution Services, Inc. is a New Jersey Corporation with a principal place of business at 18484 Preston Road #176, Dallas, TX 75252.  Upon information and belief, Defendant Global Distribution Services, Inc. is doing business in this District under a variety of trade names, including America's Choice Overhead Garage Door Company, Atlanta's Choice, Garage Door Service Company, Garage Door Services, American Alliance Overhead Door, A-ABLE Overhead Door, and Atlanta Overhead Door, with a principal place of business at 2909 Langford Rd., Suite 900B, Norcross, GA 30071.

8.    Upon information and belief, Does 1-10 are residents of Georgia and are doing business in this District under a variety of trade names, including America's Choice Overhead Garage Door Company, Atlanta's Choice, Garage Door Service Company, Garage Door Services, American Alliance Overhead Door, A-ABLE Overhead Door, and Atlanta Overhead Door, with principal places of business at 2909 Langford Rd., Suite 900B, Norcross, GA 30071 and at 1201 Peachtree Street, 400 Colony Square Suite 200, Atlanta, GA 30309. Their identities currently are unknown to Plaintiff.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and 1338(b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) of claims under Georgia law.

10.    Venue is proper under 28 U.S.C. § 1391(b) because the acts giving rise to the claims in this case occurred in this District, Plaintiff has a principal place of business in this District, and the Defendants are doing business in this District.

## FACTS  COMMON TO ALL CLAIMS FOR RELIEF

**A.    THE OVERHEAD DOOR COMPANY OF ATLANTA**

11.    For seventy-five (75) years, Pace and its predecessor-in-interest have been engaged in the business of offering quality garage door products, services and repairs under the trade name "Overhead Door Company of Atlanta."

12.    Pace employs a staff of approximately 180 individuals and operates a fleet of 115 vehicles in Atlanta.  Pace is also an excellent corporate citizen of Atlanta.  Employees donate their time to the Atlanta Habitat for Humanity, HomeAid Atlanta, and the Bluegreen Resort Breast Cancer Golf Tournament, and the company donates free products to both Habitat and the "Homes for Our Troops" program.  During the holiday season, Pace is also a donation center for Toys for Tots.

13.    Over its seventy-five year history, substantial advertising and promotion has featured the Overhead Door Company of Atlanta trade name and the Red Ribbon Mark.  During the last decade alone, for example, Pace has invested more than $6 million advertising and promoting Overhead Door Company of Atlanta products and related services in the Atlanta marketplace.

14.    For several decades, Pace has advertised its Overhead Door Company of Atlanta trade name and the Red Ribbon Mark in numerous places, including in

the AT&T Real Yellow Pages, Atlanta's Val-Pak coupons, on WSB-TV, and on The Neal Boortz Show radio program. Examples of the Val-Pak and Real Yellow Pages advertisements are attached as **Exhibit 1.**

15.    For several decades, Pace also has advertised its trade name and the Red Ribbon Mark on the vehicles its employees drive on their service and sales calls. A photograph of one such vehicle is attached as **Exhibit 2.**

16.    Pace's sales in Georgia under the "Overhead Door Company of Atlanta" trade name exceeded $40 million in 2008 and $30 million in 2009. Pace believes this drop is attributable in part to America's Choice's unfair competition activities.

17.    Pace's superior customer service has resulted in several awards, including Consumer's Choice Awards for Business Excellence from 2002 through 2009; the Super Service Award from Angie's List, a consumer reviews website, from 2005 through 2009; a 2009 Kudzu Key Account award, also from a consumer rating website; 2008 Torch Awards for Customer Service and Marketplace Ethics from the Better Business Bureau in Metro Atlanta, Athens and NE Georgia; and a 2006 Heart of America Ethics in Business Award from the Midwest Christian Counseling Center.

18.    Pace's Overhead Door Company of Atlanta has been accredited with the Better Business Bureau since 1982 and has an "A+" rating from that institution. A true and correct copy of a "BBB Reliability Report" for Overhead Door Company of Atlanta is attached as **Exhibit 3**.

19.    Since 2004, Pace has offered its garage-door goods and services via its website at www.overheaddooratlanta.com.  Attached as **Exhibit 4** is a true and correct copy of the home page at overheaddooratlanta.com.  A consumer also can arrive at the primary Overhead Door Company of Atlanta website via related domain names such as ohdatl.com, ohdatlanta.com, and overheaddoorofatlanta.com.  Attached collectively as **Exhibit 5** are the home pages at these domain names.

20.    Pace advertises its goods and services on various search engines (including Google) under the "Overhead Door Company of Atlanta" name.  Search engines such as Google allow companies to "optimize" the results consumers obtain when they perform searches on the site.  (This is known as "Search Engine Optimization" or "SEO.")  Not only do search engines list Pace's Overhead Door Company of Atlanta website in the list of "results," but Pace also places paid advertisements on the sites, which appear as "Sponsored Links" at the top of the

page or in the right-hand column.   A true and correct copy of a search on Google.com for "Overhead Door Company Atlanta" is attached as **Exhibit 6**.

21.    As a result of Pace's longstanding use and promotion of the trade name "Overhead Door Company of Atlanta" and the Red Ribbon Mark, Pace has developed great and valuable goodwill in the trade name and Red Ribbon Mark in the greater Atlanta metropolitan area.

22.    Pace has taken legal action to protect its rights in the Overhead Door trade name in the past with successful outcomes.   Pace is now encountering similar issues with America's Choice on the Internet.

## B.    AMERICA'S CHOICE AND ITS UNLAWFUL ACTIVITIES

23.    America's Choice is engaged in the business of installing and repairing garage doors and selling garage door products.   America's Choice's services are sold and offered for sale in direct competition with Pace's services in Atlanta.

24.    Except for a significant difference in quality and customer service, America's Choice's services and Pace's services are the same or similar and are sold through the same channels of trade and sold to and used by the same consumers.  In contrast to Pace's A+ rating, America's Choice currently has an "F" Rating with the Better Business Bureau in Metro Atlanta, Athens and NE Georgia.

In addition, America's Choice has an F rating in the Better Business Bureau of three other cities listed under 1-800-407-6517, a phone number it uses in the Atlanta area. These four Reliability Reports are attached as **Exhibit 7**.

25.    America's Choice has systematically engaged in unfair competition practices in an attempt to trade on the goodwill developed by Pace.

26.    America's Choice is a national business with operations in a number of cities and states. Its umbrella website is accessible at the domain name americaschoicedoors.com, a true and correct copy of which is attached as **Exhibit 8**.

27.    America's Choice has begun using the domain name atlantaoverheaddoor.com, which is confusingly similar to Pace's domain name (overheaddooratlanta.com). Upon information and belief, America's Choice began using this domain name after Pace had begun building goodwill in the Overhead Door Company of Atlanta trade name.

28.    America's Choice does not rely just on the domain name to entice unsuspecting consumers to its F-rated business. America's Choice uses Search Engine Optimization techniques to ensure its paid advertisements appear at the top of the page under the header "**Overhead Door Atlanta**" (instead of one of its real names such as "America's Choice"). For example, if a consumer searches for

"Overhead Door Atlanta" on Google, the very first sponsored link may be for America's Choice's "Overhead Door Atlanta" advertisement with its "AtlantaOverheadDoor.com" domain name. A true and correct copy of such a search is attached as **Exhibit 9**.

29.    In an effort to combat this misleading advertising tactic, Pace recently took the corrective measure of adding the term "Official" to its paid Google advertisement. Pace hoped that, in so doing, consumers looking for the *real* Overhead Door Company of Atlanta would be able to find it. This is one of several remedial advertising measures Pace has been forced to take as a result of the unfair competition tactics employed by America's Choice. Approximately a week later, however, America's Choice added the words "Official Site" into the text of its own paid advertisement. Thus, a search for "Overhead Door Company Atlanta" reveals not only Pace's advertisement (with the "Official Red Ribbon Garage Door Co." language) but America's Choice's advertisement, claiming to be "**Atlanta Overhead Door Co.**" *and* the "'Official Site' for Atlanta." (*See* **Exhibit 6**).

30.    In a number of markets around the country, America's Choice uses color schemes on its websites that do not trade on the well known Red Ribbon Mark. For example, the Boulder, Colorado website uses tan colors; the Dallas, Texas website uses navy blue; the Minneapolis, Minnesota website uses purple and

11

orange; and the Sacramento, California website uses purple and gray.  True and correct copies of these websites are attached collectively as **Exhibit 10**.

31.    In Atlanta, however, America's Choice intentionally has adopted a red color scheme -- both in its logo and on its website -- that is designed to further mislead consumers into believing it is the Overhead Door Company of Atlanta or somehow affiliated with the Overhead Door Company of Atlanta.  For example, America's Choice's logo on its Atlanta website features a curved red banner containing the words "Overhead Garage Door Co." as depicted below:



And, because the background color at the top of America's Choice's website is black, the "Atlanta's Choice" portion blends into the background such that the red banner "pops out" to a consumer.  A true and correct copy of America's Choice's website at atlantaoverheaddoor.com is attached as **Exhibit 11**.

32.    America's Choice is knowingly, willfully, intentionally, and maliciously trading on Pace's goodwill and misleading consumers by using a similar domain name, search engine optimization, the words "Official" and "Atlanta Overhead Door Co." in its advertisements, a red color scheme and curved

red banner logo on its website.  America's Choice uses these misleading tactics on the Internet in the hopes that by the time a consumer realizes he or she is not ordering goods or services from Overhead Door Company of Atlanta, it will be too late for them to switch to Overhead Door Company of Atlanta.

33.     America's Choice also hosts an umbrella site at the domain name justgaragedoors.com, under its d/b/a Garage Door Service Co., that contains links to the same city pages contained in **Exhibits 10** and **11**.  A true and correct copy of America's Choice's website at justgaragedoors.com is attached as **Exhibit 12**. Upon information and belief, America's Choice also runs the website justgaragedoorremotes.com that is featured prominently in a link in the center of the justgaragedoors.com website.   The justgaragedoorremotes.com homepage invites users to click on the brand names of different garage door manufacturers in order to buy their remotes.   But, consumers who click on the Overhead Door Company (with the Red Ribbon trademark) are directed to a page with the heading "Overhead Door Remotes" that contains remotes manufactured by companies such as Keystone – *not* by Overhead Door Company.  This confuses consumers who click on the Overhead Door logo intending to buy Overhead Door-manufactured remotes, and are instead shown "compatible" remotes.  True and correct copies of

the justgaragedoorremotes.com website and the justgaragedoorremotes.com/ remotes/overhead_door subpage are attached as **Exhibit 13**.

34.    America's Choice's efforts to mislead and confuse consumers do not end on the Internet.  It trains its employees to further mislead consumers when the employees arrive at consumers' homes to perform service on their garage doors. For example, employees are told that if a customer asks why the employee is not driving the official Overhead Door Company of Atlanta truck (with the Red Ribbon Mark), the employee is to state that he is just a service technician and therefore drives his own personal truck.  Similarly, employees are instructed to lie about the relationship between America's Choice and Overhead Door Company of Atlanta by telling homeowner-customers that America's Choice "goes by a lot of different names" or that "we recently acquired them."  These situations arise because, *inter alia*, America's Choice employees do not drive official company vehicles and once an America's Choice employee completes a job, the consumer is handed an invoice with a completely different name printed at the top -- Garage Door Service Company.  A true and correct copy of one of America's Choice's invoices is attached as **Exhibit 14**.

35.    The unfair, deceptive, and misleading business practices described above have led to numerous incidents of actual confusion between America's

Choice and Pace's Overhead Door Company of Atlanta. This actual confusion has increased significantly in the last two years as America's Choice has become more aggressive and misleading with regard to its online marketing activities.

36.     The following are but a few examples of actual confusion caused by America's Choice's unfair, misleading and deceptive business practices:

- In April 2008, a customer tried to look up the phone number for Overhead Door on the Internet and ended up calling America's Choice. She asked if they were Overhead Door Company of Atlanta, and the representative would only respond that yes, they worked on Overhead Doors. She hung up and looked more closely at the results of her search, and eventually was able to reach Pace.

- In Sept. 2008, a customer misled by the logo and name on the America's Choice website set up an appointment with America's Choice when he intended to call Pace. The customer stated to the service technician that he thought he was dealing with Overhead Door of Atlanta and the employee did not correct this mis-impression. After the service was performed and he received an invoice, the customer discovered that he had been overcharged and that he had not in fact dealt with Pace, as he intended.

- In August 2009, a customer who had used Pace in the past tried to search for Overhead Door's website online and ended up on the America's Choice website. He did not discover his mistake until he called America's Choice and spoke with someone at its call center.

- In September 2009, a customer who had used Pace in the past tried to search for the company phone number using Google and ended up calling America's Choice and having them perform the service before realizing his mistake. The customer felt afterward that he had been "ripped off."

- In November 2009, a customer used Google to search for the Overhead Door Company of Atlanta phone number and ended up on www.atlantaoverheaddoor.com. She called that number and made an appointment, and when the service technician arrived at her house she noticed that his shirt said "Garage Door Service Co." When she asked why it did not say Overhead Door Company of Atlanta, he said that he was affiliated with Overhead Door Company of Atlanta. The technician was rude and never showed up for a second appointment to replace the part she needed. The

customer looked at receipts she had from previous work done by Pace and finally called the right company.

- In March 2010, a customer found www.atlantaoverheaddoor.com using Google and made an appointment thinking she had found Overhead Door Company of Atlanta.  She did not realize her mistake until she was paying for the service and the receipt said Garage Door Services.

- In March 2010, a customer thought he was on the Overhead Door Company of Atlanta website and made an appointment.  When he questioned the representative who came to his home about being from Overhead Door Company of Atlanta, the representative said he was from "an Overhead Door company."  The customer realized his mistake and told the representative he did not want services from anyone other than Overhead Door Company of Atlanta; he ended up having to call the police in order to get the representative to leave.

- In April 2010 a customer found www.atlantaoverheaddoor.com on Google and made an appointment with America's Choice thinking they were Overhead Door Company of Atlanta.  After the service

technician failed to show up for the appointment, the customer called Pace for an explanation and realized his mistake.

37.    As these examples demonstrate, in addition to the confusion itself, customers who contact America's Choice when intending to contact Pace frequently have poor customer service experiences with America's Choice.  There are many more confused customers who do not realize their mistake and attribute their negative experiences to Pace, thus damaging the business reputation and goodwill Pace has worked so hard to build.

38.    America's Choice's intentional, willful, and malicious activities described above enable America's Choice to trade on and receive the benefit of the goodwill Pace has built in the trade name Overhead Door Company of Atlanta through great labor and expense over many years in Georgia.

39.    America's Choice has made false representations, false descriptions, and false designations of origin of its services and has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public and, additionally, injury to Pace's goodwill and reputation as symbolized by the Overhead Door Company of Atlanta trade name and Red Ribbon Mark.

40.     The activities of America's Choice described above create the false and misleading impression that America's Choice's services are affiliated, connected, or associated with Pace's Overhead Door Company of Atlanta, or have the sponsorship, endorsement or approval of Pace's Overhead Door Company of Atlanta.

41.     The unfair and deceptive activities of America's Choice described above remove from Pace the ability to control the nature and quality of services provided in connection with the trade name Overhead Door Company of Atlanta and the Red Ribbon Mark, and places the valuable reputation and goodwill of Pace in the hands of America's Choice, over which Pace has no control.

42.     The acts of America's Choice have caused irreparable injury to Pace and, unless restrained by this Court, will continue to cause irreparable injury to Pace and to the public.  There is no adequate remedy at law for this injury.

## COUNT I: FEDERAL UNFAIR COMPETITION

43.     Pace incorporates the allegations of each of the paragraphs above as if fully set forth herein.

44.     The acts of America's Choice complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT II: UNFAIR AND DECEPTIVE TRADE PRACTICES
## UNDER O.C.G.A. § 10-1-370 *et seq.*

45.     Pace incorporates the allegations of each of the paragraphs above as if fully set forth herein.

46.     The acts of America's Choice complained of herein constitute deceptive trade practices under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. 10-1-372(a) (2009).

47.     America's Choice's unfair competition has been willful and in bad faith, making this an exceptional case under O.C.G.A. § 10-1-373(b)(2) (2009).

## COUNT III: UNFAIR COMPETITION UNDER O.C.G.A. § 23-2-55
## AND THE COMMON LAW OF GEORGIA

48.     Pace incorporates the allegations of each of the paragraphs above as if fully set forth herein.

49.     The acts of America's Choice complained of herein constitute unfair competition in violation of O.C.G.A. § 23-2-55 (2007) and the common law of Georgia.

## PRAYER FOR RELIEF

WHEREFORE, Pace prays that:

(a)     America's Choice, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with America's

Choice be permanently enjoined and restrained from using in connection with America's Choice and America's Choice's services, the www.atlantaoverheaddoor.com domain name, the search engine optimization techniques described herein, the word "official" or the combination of "Overhead Door" and "Atlanta," such as "Overhead Door Atlanta," "Overhead Door in Atlanta," "Overhead Door of Atlanta," "Atlanta Overhead Door," or the phrase "Overhead Door" in combination with the name of any of the counties in metropolitan Atlanta, the words "Overhead Door" in a red font, in arched letters, or otherwise emphasized separately from the rest of the America's Choice name, a red color scheme, a red curved logo, and any other domain name, mark, logo, design or configuration that is confusingly similar to the trade name Overhead Door Company of Atlanta or Red Ribbon Mark, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

(b)    America's Choice be ordered to file with this Court and to serve upon Pace, within thirty (30) days after the entry and service on America's Choice of an injunction, a report in writing and under oath setting

forth in detail the manner and form in which America's Choice has complied with the injunction;

(c)    Pace recover all damages it has sustained as a result of America's Choice's activities, including lost revenue and the cost of corrective advertising and SEO;

(e)    An accounting be directed to determine America's Choice's profits resulting from its activities and that such profits be paid over to Pace, increased as the Court finds to be just under the circumstances of this case;

(f)    Pace recover its reasonable attorney fees;

(g)    Pace recover its costs of this action and prejudgment and post-judgment interest; and

(h)    Pace recover such other relief as the Court may deem appropriate.

**<u>JURY DEMAND</u>**

Pursuant to Fed. R. Civ. P. 38(b), Pace demands a trial by jury.


Respectfully submitted,


DATED: May 19, 2010          <u>s/ R. Charles Henn, Jr.</u>
                             R. Charles Henn Jr.
                             Georgia Bar No. 347098
                             Katharine Sullivan
                             Georgia Bar No. 940395
                             KILPATRICK STOCKTON LLP
                             1100 Peachtree Street, Suite 2800
                             Atlanta, GA  30309-4530
                             (404) 815-6500
                             (404) 815-6555 (fax)
                             Email: CHenn@KilpatrickStockton.com