Issued by the

# United States District Court

## NORTHERN DISTRICT OF GEORGIA

D.H. PACE, INC.
V.
PETER J. STEPHENS, *et al.*

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER[1]: 1:10-CV-1524-JOF

TO: Tom Johnson, General Manager
Regus - HQ
1201 Peachtree Street
400 Colony Square, Suite 200
Atlanta, Georgia 30309

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Schedule A

| PLACE   Kilpatrick Stockton LLP; 1100 Peachtree Street, NE, Suite 2800, Atlanta, Georgia 30309 | DATE AND TIME<br>June 11, 2010 @ 9:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
*[signature]*   Attorney for Plaintiff, D.H. Pace, Inc.

DATE  May 25, 2010

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Katharine Sullivan; Kilpatrick Stockton LLP; 1100 Peachtree Street; Suite 2800; Atlanta, Georgia 30309-4530; (404) 815-6500

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| SERVED | DATE<br>05/25/2010<br>@ 3:08 pm | PLACE<br>1201 Peachtree Street, 400 Colony Square, Suite 200, Atlanta, GA 30309 |
|---|---|---|
| SERVED ON (PRINT NAME)<br>Regus-HQ by serving Tom Johnson, General Manager | | MANNER OF SERVICE<br>Personal Service |
| SERVED BY (PRINT NAME)<br>Eric West | | TITLE<br>Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on __05/28/2010__
DATE

SIGNATURE OF SERVER

MLQ ATTORNEY SERVICES
2000 RIVEREDGE PARKWAY NW
ADDRESS OF SERVER SUITE 885
ATLANTA, GA 30328
1-800-446-8794


70142

Rule 45, Federal Rules of Civil Procedure, Parts c & d:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copy of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to the inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance.
   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv) subjects a person to undue burden.

(B) if a subpoena
   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DEFINITIONS

The following definitions and instructions are applicable to and incorporated by reference in the Requests for Production of Documents and Tangible Things in Schedule A.

1. "Plaintiff" or "D.H. Pace" shall mean and refer to D.H. Pace Company, Inc., including any officers, directors, partners, associates, employees, staff members, agents, representatives, divisions, parents, subsidiaries, predecessors in interest, affiliated corporations, or any other related entities.

2. "Defendant" or "America's Choice" shall mean and refer to Defendant(s) Peter J. Stephens, Robert Payne, and Global Distribution Services, Inc., all doing business as America's Choice Overhead Garage Door Company, Atlanta's Choice Overhead Garage Door Company, Garage Door Service Company, Garage Door Services, American Alliance Overhead Door, A-ABLE Overhead Door, and Atlanta Overhead Door, including any officers, directors, partners, associates, employees, staff members, agents, representatives, divisions, parents, subsidiaries, predecessors in interest, affiliated corporations, or any other related entities of America's Choice.

3. "Documents" shall have the broadest possible meaning afforded under the Federal Rules of Civil Procedure and shall include, but not be limited to, every writing or record of any kind that is in your possession, custody, or control and that is kept by electronic, photographic, mechanical, or other means. For purposes of these requests, any document that contains a note, comment, addition, deletion, modification, or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to identification.

4. When used in connection with a natural person, "identify" means to provide the name, home address, business address, company or organization affiliation, home telephone number, and business telephone number of the person. When used in connection with a business, legal, governmental entity, or association, "identify" means to provide the name, address, and telephone number of the business, legal, governmental entity, or association, including an identification of the office, section, branch, or other subdivision most relevant to the response. When used in connection with a document, "identify" means to provide the exact title of the document, the number of pages of the document, all serial or identification numbers appearing on the document, a general description of the document, the name of the writer, sender, or initiator of the document, the name of all recipients of the document (including the addressees and any indicated or blind copies), and the date of the document.

5. "Person" means any natural person or any business, legal, or governmental entity or association.

6. "Communication" shall mean the transmittal of information in the form of facts, ideas, inquiries or otherwise, and includes but is not limited to documents.

7. "Concerning" shall mean relating to, referring to, describing, evidencing, supporting, or constituting.

8. "You" and "your" means each party responding to this Subpoena, and any of their officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, and agents.

**INSTRUCTIONS**

1. You are required to produce documents responsive to the Requests in Schedule A by the return date on the Subpoena.

2. If you have no documents responsive to a particular Request, your response should specifically so state.

3. Documents produced pursuant to Federal Rule of Civil Procedure 34 and/or 45 should be expressly identified to the Request to which they pertain.

4. Except as otherwise expressly directed herein, each paragraph and subparagraph of the Requests should be construed independently and not by reference to any other paragraph or subparagraph herein for purposes of limiting the scope of the Request being answered.

5. Plaintiff specifies the following manner of production: (a) the documents and tangible things should be produced as they are kept in the regular course of business or, in the alternative, organized and labeled so as to correspond to the categories of this request; (b) the documents and things produced shall be serially numbered; and (c) the documents and things produced shall be copied, inspected, photographed, and tested by Plaintiff to the extent desired.

6. If the original of a document is within your possession, custody or control, produce it; if not, produce such copy of it as is in your possession, custody or control. Any copy of a document on which any notation, addition, alteration, or change has been made is to be treated as an additional original document.

7. Included in the definition of documents as used herein are files, file folders, books and their contents. Accordingly, produce files, file folders, and books together with the documents they contain.

8. If any of the documents requested have been destroyed, identify each such document, state the date upon which the document was destroyed, and state the reason it was destroyed.

9. If you assert a claim of privilege or work product protection in objecting to any Request, identify with respect to each communication, document, or tangible thing the nature and basis of the privilege claimed, and provide as much of the following information as is not encompassed by the privilege: its type; its general subject matter and purpose; its date; the names of persons making or receiving the communication, document, or tangible thing or a copy thereof or, if the communication was oral, of those present when it was made; their relationship to the author or speaker; and any other information needed to determine the applicability of the privilege or protection.

10. If any Request is unclear, please contact the undersigned counsel and, if possible, the Request will be clarified in a reply letter. Any such reply letter may be treated as a modification of the Request.

11. If you contend that any Request is objectionable in whole or in part, state with particularity each such objection, the basis for it, and the categories of information and documents to which the objection applies, and respond to the Request insofar as it is not deemed objectionable.

# SCHEDULE A

# REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS

1. All documents concerning America's Choice.

2. All documents concerning the services provided to America's Choice.

3. All documents concerning a forwarding address of America's Choice.

4. All documents concerning William David Perez, II.