# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| D. H. PACE COMPANY, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:10-cv-1524-JOF |
| ) | |
| PETER J. STEPHENS, ) | |
| JARED FOSTER, GLOBAL ) | |
| DISTRIBUTION SERVICES, INC., ) | |
| MOBILE MOTION, INC. ) | |
| and DOES 1-10, all d/b/a ) | |
| "AMERICA'S CHOICE OVERHEAD ) | |
| GARAGE DOOR COMPANY," ) | |
| "ATLANTA'S CHOICE ) | |
| OVERHEAD GARAGE DOOR ) | |
| COMPANY," "GARAGE DOOR ) | |
| SERVICE COMPANY," "GARAGE ) | |
| DOOR SERVICES," "AMERICAN ) | |
| ALLIANCE OVERHEAD DOOR," ) | |
| "A-ABLE OVERHEAD DOOR," and ) | |
| "ATLANTA OVERHEAD DOOR," ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT GLOBAL DISTRIBUTION SERVICES, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
<u>TO PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

Defendant Global Distribution Services, Inc. ("GDS") hereby sets forth its

Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint

("Complaint").  Responding to the individually enumerated paragraphs of the Complaint, GDS responds as follows:

1. GDS admits that Plaintiff operates in Atlanta under the name "Overhead Door Company of Atlanta."  GDS denies the remaining allegations of Paragraph 1.

2. GDS admits that the Complaint purports to set forth the causes of action identified in Paragraph 2, but GDS denies that it is liable under any of these causes of action.

3. GDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 3, and the same are therefore denied.  GDS admits that Plaintiff does business in Georgia and this judicial district under the name "Overhead Door Company of Atlanta" and that its principal place of business is located at 221 Armour Drive, Atlanta, GA 30324.  GDS denies that Plaintiff owns enforceable rights in its trade name.

4. GDS denies that the design displayed in Paragraph 4 is a true and correct representation of the mark registered at U.S. Trademark Registration No. 1,807,028.  GDS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4, and the same are therefore denied.

5. GDS is without knowledge or information sufficient to form a belief as to the current state of residency of Defendant Peter J. Stephens, and the allegation that Mr. Stephens is a resident of California is therefore denied. GDS denies the remaining allegations of Paragraph 5.

6. Denied.

7. GDS admits that Defendant Jared Foster is a resident of Georgia. GDS denies the remaining allegations of Paragraph 7.

8. GDS admits that it does business in this District under the names "America's Choice Overhead Garage Door Company," "Atlanta's Choice," "Garage Door Service Company," and "Garage Door Services." GDS denies the remaining allegations of Paragraph 8.

9. GDS admits the allegations of the first sentence of Paragraph 9. GDS further admits that Defendant Mobile Motion, Inc. ("MMI") is an Internet marketing company that does business with GDS, that MMI owns the domain name <atlantaoverheaddoor.com>, and that MMI is responsible for search engine optimization for the site located at that domain name. GDS denies the remaining allegations of Paragraph 9.

10. GDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and the same are therefore denied.

11. Admitted.

12. GDS denies that all Defendants are doing business in this District and that venue is proper in this District as to all Defendants; however, GDS admits that it is doing business in this District, that Plaintiff has a principal place of business in this District and that venue is proper in this District with regard to the claims asserted against GDS.

13. GDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and the same are therefore denied.

14. GDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and the same are therefore denied.

15. GDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and the same are therefore denied.

16. GDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and the same are therefore denied.

17. GDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and the same are therefore denied.

18. GDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and the same are therefore denied.

19. GDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and the same are therefore denied.

20. GDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and the same are therefore denied.

21. GDS denies that Exhibit 4 to the Complaint is a true and correct copy of the home page of the website located at the domain name <overheaddooratlanta.com>. GDS is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations of Paragraph 21, and the same are therefore denied.

22. GDS denies that the images attached as Exhibit 5 to the Complaint are true and correct copies of the home pages of the websites located at the identified domain names. GDS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22, and the same are therefore denied.

23. GDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and the same are therefore denied.

24. GDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and the same are therefore denied.

25. GDS admits that it is in the business of installing and repairing garage doors and selling garage door products in competition with Plaintiff in Atlanta. GDS denies the remaining allegations of Paragraph 25.

26. GDS admits that at least some of the services of GDS and Plaintiff are similar. GDS is without knowledge or information sufficient to form a belief as to the full nature of Plaintiff's services and all channels of trade through which it sells

its services.  GDS admits that it uses the toll free telephone number 1-800-407-6517 for its business operations in Atlanta, Houston, San Antonio, and Northeast California and that the BBB reports attached as Exhibit 7 appear to relate to its business operations, but GDS denies that the ratings contained in the reports accurately reflect the high quality level of service GDS offers in these areas and the other areas in which it does business.  GDS recently determined that some BBB customer issues had not been received by GDS; GDS is now actively working with local BBB offices to remedy all previously unknown complaints to 100% satisfaction.  GDS denies the remaining allegations of Paragraph 26.

27.     Denied.

28.     GDS admits that it is a national business with operations in a number of cities and states and that there is a website regarding its business located at the domain name <americaschoicedoors.com>.  GDS denies the remaining allegations of Paragraph 28.

29.     GDS admits that the domain name <atlantaoverheaddoor.com> has been used for years as the Internet address of a website regarding its business operations in Atlanta.  GDS denies the remaining allegations of Paragraph 29.

30.     GDS admits that search engine optimization techniques are used regarding the website located at the domain name <atlantaoverheaddoor.com> and

that, if a consumer searches the generic phrase "Overhead Door Atlanta" in Google, the first sponsored link may be for an advertisement for the website located at the domain name <atlantaoverheaddoor.com>. GDS further admits that Ex. 9 appears to be the results of such a search. GDS denies the remaining allegations of Paragraph 30.

31.   GDS admits that the phrase "Official Site" appears in some search engine sponsored advertising for the website located at the domain name <atlantaoverheaddoor.com> and that a search on "Overhead Door Company Atlanta" can return sponsored advertising from both GDS and Plaintiff. GDS further admits the word "Official" appears in the text of at least some of Plaintiff's sponsored advertising in Google, but GDS is without knowledge or information sufficient to form a belief as to when Plaintiff began using the term. GDS therefore denies the allegations of Paragraph 31 regarding the timing of the use of "Official Site" in the sponsored advertising for the <atlantaoverheaddoor.com> site in relation to Plaintiff's first use of the term "Official." GDS denies the remaining allegations of Paragraph 31.

32.   GDS admits that the color schemes for the websites that promote its business do not trade on Plaintiff's purported rights in the Red Ribbon Mark. GDS further admits that the Boulder, Colorado website includes tan as one of the colors

on the website; the Dallas, Texas website includes navy blue as one of the colors on the website; the Minneapolis website includes purple and orange as colors on the website; and the Sacramento, California website includes purple and gray as colors on the website.  GDS denies the remaining allegations of Paragraph 32.

33.     GDS admits that the website located at the domain name <atlantaoverheaddoor.com> contains the text and graphics depicted in Paragraph 33.  GDS denies the remaining allegations of Paragraph 33.

34.     Denied.

35.     GDS admits that the website located at the domain name <justgaragedoors.com> is a site with links to city specific websites for GDS's operations.  GDS admits that the home page of the website located at the domain name <justgaragedoorremotes.com> includes a link that contains the words "Overhead Door" in a red ribbon design, and GDS admits that a click on the link takes users to a subpage of the site that contains remotes manufactured by companies such as Keystone, but GDS denies that it has any involvement with this website.  GDS denies the remaining allegations of Paragraph 35.

36.     Denied.

37.     Denied.

38. GDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and the same are therefore denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## COUNT I

45. Defendants incorporate by reference its responses to Paragraphs 1-44 as if set forth in full herein.

46. Denied.

## COUNT II

47. Defendants incorporate by reference its responses to Paragraphs 1-46 as if set forth in full herein.

48. Denied.

49. Denied.

## COUNT III

50. Defendants incorporate by reference its responses to Paragraphs 1-49 as if set forth in full herein.

51. Denied.

Except as expressly admitted herein, Defendants deny each and every allegation contained in the Complaint and deny that Plaintiff is entitled to any of the relief requested therein.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

Plaintiff has failed to state a claim upon which relief may be granted.

### **Second Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by waiver.

### **Third Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### **Fourth Affirmative Defense**

Plaintiff has failed to take reasonable steps to mitigate its claimed damages.

### **Fifth Affirmative Defense**

Plaintiff's claims are barred by the fair use doctrine.

### **Sixth Affirmative Defense**

Counts II and III of the Complaint are barred by the applicable statutes of limitation.

### Seventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by failure to join an indispensible party.

Defendants expressly reserve the right to assert additional affirmative defenses as such additional affirmative defenses become known to it through continued investigation, discovery or otherwise.

### REQUEST FOR RELIEF

WHEREFORE, GDS respectfully requests that this Court:

A.   Dismiss Plaintiff's claims with prejudice;

B.   Enter judgment on GDS's behalf on each claim asserted in the Complaint;

C.   Order Plaintiff to pay GDS the attorneys' fees, costs and expenses it incurs in connection with the defense of this case;

D.   Grant GDS such other and further relief as this Court deems just and proper.

Respectfully submitted, this 2nd day of September, 2010.

/s/ David J. Stewart
David J. Stewart
Georgia Bar No. 681149
david.stewart@alston.com
Nadya Munasifi
Georgia Bar No. 156051
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309-3424
Tel:  (404) 881-7952
Fax:  (404) 881-7777

Counsel for Defendant Global Distribution Services, Inc.

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, the attached pleading complies with the requirements prescribed by Local Rule 5.1B and uses 14 point Times New Roman Font.

/s/ Nadya Munasifi
Nadya Munasifi

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I electronically filed **Defendant Global Distribution Services, Inc.'s Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification to the following counsel of record:

*Attorneys for Plaintiff*:
R. Charles Henn, Jr.
Katharine Sullivan
Kilpatrick Stockton LLP
1100 Peachtree Street N.E., Suite 2800
Atlanta, GA 30309-4530
Email: CHenn@KilpatrickStockton.com
         KSullivan@KilpatrickStockton.com

*Attorney for Defendant Mobile Motion, Inc.*
Karl S. Kronenberger
Kronenberger Burgoyne, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
Email: Karl@KBInternetLaw.com

This 2nd day of September, 2010.

/s/ Nadya Munasifi