UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **D.H. PACE COMPANY, INC.,**<br><br>    Plaintiff,<br><br>v.<br><br>**PETER J. STEPHENS,** *et al.*,<br><br>    Defendants. | CIVIL ACTION NO. 1:10-cv-1524-JOF |

## DEFENDANT MOBILE MOTION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Mobile Motion, Inc. ("Defendant" or "Mobile Motion"), in answer to the Second Amended Complaint of Plaintiff D.H. Pace Company, Inc., ("Plaintiff" or "Pace"), herein admits, denies, and avers as follows:

### NATURE OF THE ACTION

1.      The allegations contained in Paragraph 1 call for a conclusion of law to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis, denies the same.

1

2. The allegations contained in Paragraph 2 call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and on that basis, denies the same.

**PARTIES**

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis, denies the same.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis, denies the same.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on that basis, denies the same.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and on that basis, denies the same.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and on that basis, denies the same.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis, denies the same.

9. Defendant admits that it is a California corporation doing business in Hermosa Beach, California. Defendant further admits that it is an Internet

marketing company and owns the domain atlantaoverheaddoor.com. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis, denies the same.

## JURISDICTION AND VENUE

11. Defendant admits the allegations in Paragraph 11.

12. The allegations contained in Paragraph 12 call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the same.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on that basis, denies the same.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and on that basis, denies the same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and on that basis, denies the same.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and on that basis, denies the same.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis, denies the same.

18. Defendant denies that Defendant engaged in unfair competition activities. As to the remaining allegations in Paragraph 18, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies the same.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis, denies the same.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and on that basis, denies the same.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and on that basis, denies the same.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and on that basis, denies the same.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and on that basis, denies the same.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis, denies the same.

25. Defendant denies that it is engaged in the business of installing and repairing garage doors. Defendant admits that it is engaged in the business of selling garage door products. As to the remaining allegations in Paragraph 25, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies the same.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies the same.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant admits the website accessible at the domain name americaschoicedoors.com is used by a national business with operations in a number of cities and states. As to the remaining allegations in Paragraph 28,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies the same.

29. Defendant admits that Defendant uses the domain name atlantaoverheaddoor.com.  Except as expressly admitted herein, Defendant denies the allegations in Paragraph 29.

30. Defendant admits that Defendant uses paid advertising and search engine optimization techniques.  As to the remaining allegations in Paragraph 30, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies the same.

31. Defendant admits that the phrase "Official Site" appeared in some of its paid advertising.  As to the remaining allegations in Paragraph 31, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies the same.

32. Defendant admits that it uses color schemes on Defendant's websites that do not trade on any mark of Plaintiff.  As to the remaining allegations in Paragraph 32, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies the same.

33. Defendant admits that the website located at the domain name atlantaoverheaddoor.com contains the text and graphics depicted in Paragraph 33.

Except as expressly admitted herein, Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant admits that it hosts a website located at the domain name justgaragedoors.com that contains links to other websites. Defendant further admits that Defendant hosts the website located at the domain name justgaragedoorremotes.com, which includes links that take users to subpages of the site that display remotes. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies causing actual confusion or engaging in unfair, misleading or deceptive business practices. As to the remaining allegations in Paragraph 38, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies the same

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44.     Defendant denies the allegations in Paragraph 44.

## COUNT I: FEDERAL UNFAIR COMPETITION

45.     Defendant incorporates by reference its responses to Paragraphs 1-44 as if set forth in full herein.

46.     Defendant denies the allegations in Paragraph 46.

## COUNT II: UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER O.C.G.A. § 10-1-370 *et seq.*

47.     Defendant incorporates by reference its responses to Paragraphs 1-46 as if set forth in full herein.

48.     Defendant denies the allegations in Paragraph 48.

49.     Defendant denies the allegations in Paragraph 49.

## COUNT III: UNFAIR COMPETITION UNDER O.C.G.A. § 23-2-55 AND THE COMMON LAW OF GEORGIA

50.     Defendant incorporates by reference its responses to Paragraphs 1-49 as if set forth in full herein.

51.     Defendant denies the allegations in Paragraph 51.

Defendant denies that Plaintiff is entitled to anything in its prayer for relief and denies the same.

//

## **AFFIRMATIVE DEFENSES**

Defendant sets forth below its affirmative defenses.  Each defense is asserted as to all causes of action unless otherwise noted.  By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations.

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State Cause of Action)**

As Defendant's First Affirmative Defense, Defendant asserts that Plaintiff has failed to state a cause of action upon which relief may be granted.  Plaintiff has failed to plead the prima facie elements of its asserted causes of action.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Standing)**

As Defendant's Second Affirmative Defense, Defendant asserts that Plaintiff does not have standing to bring the causes of action at hand, or any of them, because Plaintiff does not own the exclusive right to use the trade names and marks alleged in the Second Amended Complaint.

//

//

### THIRD AFFIRMATIVE DEFENSE
### (Joinder)

As Defendant's Third Affirmative Defense, Defendant asserts that Plaintiff's claims are barred in whole or in part by Plaintiff's failure to join an indispensible party.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Notify)

As Defendant's Fourth Affirmative Defense, Defendant asserts that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to give Defendant actual or statutory notice of the use of its trade names and marks as alleged in the Second Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE
### (Fair Use)

As Defendant's Fifth Affirmative Defense, Defendant asserts that, to the extent that Defendant engaged in any conduct that could be construed as infringement on Plaintiff's trade names or marks, Defendant's actions constituted a fair use.

### SIXTH AFFIRMATIVE DEFENSE
### (First Sale Doctrine)

As Defendant's Sixth Affirmative Defense, Defendant asserts that, to the extent that Defendant engaged in any conduct that could be construed as

infringement on Plaintiff's trade names or marks, Defendant's actions were permissible under the First Sale Doctrine.

### SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

As Defendant's Seventh Affirmative Defense, Defendant asserts that Plaintiff's claims are barred in whole or in part by the doctrine of laches. Plaintiff did know, or should have known of the acts it now complains of well before the initiation of this lawsuit. Despite this knowledge, Plaintiff engaged in an unreasonable delay in taking any legal action.

### EIGHTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

As Defendant's Eighth Affirmative Defense, Defendant asserts that Plaintiff waived any claim or cause of action against Defendant for the acts alleged in the Second Amended Complaint, and Plaintiff should be estopped from bringing this lawsuit.

### NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

As Defendant's Ninth Affirmative Defense, Defendant asserts that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to use ordinary care and diligence to take all necessary steps to mitigate and minimize any damages Plaintiff claims to have sustained and for which it seeks recovery in this action.

//

## TENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

As Defendant's Tenth Affirmative Defense, Defendant asserts that Counts II and III of the Second Amended Complaint are barred by the applicable statutes of limitation.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant hereby gives notice that it intends to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserves the right to amend its answer to assert such additional affirmative defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint and asserted the above affirmative defenses, Defendant prays that the action be dismissed with prejudice and costs as to Defendant.

Dated this 10th day of September, 2010.   **KRONENBERGER BURGOYNE, LLP**

> By: s/ Karl S. Kronenberger
> Karl S. Kronenberger
> Georgia Bar No. 429898
> 150 Post Street, Suite 520
> San Francisco, CA 94108
> Karl@KBInternetLaw.com
> Telephone: (415) 955-1155
> Facsimile: (415) 955-1158
>
> Attorneys for Defendant,
> Mobile Motion, Inc.

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, the attached pleading complies with the font and point selections prescribed by Local Rule 5.1B and uses 14 point Times New Roman Font.

**KRONENBERGER BURGOYNE, LLP**

By:   s/ Karl S. Kronenberger
         Karl S. Kronenberger

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2010, I electronically filed the following documents:

1. Defendant Mobile Motion, Inc.'s Answer to Second Amended Complaint with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| *Attorneys for Plaintiff:* | *Attorneys for Defendant Global Distribution Services, Inc.:* |
|---|---|
| Katharine Sullivan<br>Richard Charles Henn, Jr.<br>Kilpatrick Stockton-Atlanta<br>1100 Peachtree Street N.E., Suite 2800<br>Atlanta, GA 30309-4530<br>Email: sullivan@kilpatrickstockton.com<br>Email: chenn@kilpatrickstockton.com | David J. Stewart<br>Nadua May Munasifi<br>Alston & Bird<br>1201 West Peachtree Street<br>One Atlantic Center<br>Atlanta , GA 30309-3424<br>Email: dstewart@alston.com<br>Email: nadya.munasifi@alston.com |

Dated this 10th day of September, 2010.   **KRONENBERGER BURGOYNE, LLP**

By: s/ Karl S. Kronenberger
Karl S. Kronenberger
Georgia Bar No. 429898
150 Post Street, Suite 520
San Francisco, CA 94108
Karl@KBInternetLaw.com
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Defendant,
Mobile Motion, Inc.