# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **D.H. PACE COMPANY, INC.,** | |
| Plaintiff, | CIVIL ACTION NO. 1:10-cv-1524-JOF |
| v. | |
| **PETER J. STEPHENS,** *et al.*, | |
| Defendants. | |

## DEFENDANT MOBILE MOTION, INC.'S
## INITIAL DISCLOSURES

**1.     If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

N/A

**2.     Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Mobile Motion, Inc. ("Mobile Motion") contends that Overhead Door Corporation ("ODC") is an indispensable party. To maintain a 15 U.S.C. §1125(a) claim, a plaintiff must show that it has a valid commercial interest in the mark that

1

may be harmed by the alleged infringement. According to the Second Amended Complaint ("SAC"), Plaintiff's purported rights in the Red Ribbon mark and the OVERHEAD DOOR COMPANY OF ATLANTA mark (collectively, the "Marks") are partially—if not entirely—derivative of the rights of ODC. Mobile Motion intends to dispute the validity of the Marks on multiple grounds. The determination of the Marks' validity cannot be assessed without the involvement of ODC.

**3.     Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

   a.     <u>Failure to State a Cause of Action</u>. Plaintiff has failed to state a cause of action upon which relief may be granted. Plaintiff has failed to plead the prima facie elements of its asserted causes of action. Specifically, Plaintiff has failed to plead sufficient facts to evidence that it has a valid commercial interest in protectable trademarks, namely the Marks. Nor has Plaintiff adequately pled sufficient facts regarding a likelihood of confusion or damages suffered by Plaintiff. Plaintiff's claims for Unfair and Deceptive Trade Practices and Unfair Competition are entirely derivative of its section 1125(a) and thus fail for the same reasons.

   b.     <u>Lack of Standing</u>. Mobile Motion asserts that Plaintiff does not have standing to bring the causes of action at hand, or any of them, because Plaintiff

does not own the exclusive right to use the trade names and marks alleged in the SAC. To maintain a 15 U.S.C. §1125(a) claim, a plaintiff must show that it has a valid commercial interest in the mark that may be harmed by the alleged infringement. According to the Second Amended Complaint ("SAC"), Plaintiff's purported rights in the Marks are partially—if not entirely—derivative of the rights of ODC. Plaintiff, admittedly, only has a limited right to use the Marks. Thus, Plaintiff cannot demonstrate that it has a valid commercial interest in the Marks that is not in conflict with ODC or its other licensees.

    c.    <u>Failure to Join Indispensable Party</u>. Mobile Motion contends that Overhead Door Corporation ("ODC") is an indispensable party. To maintain a 15 U.S.C. §1125(a) claim, a plaintiff must show that it has a valid commercial interest in the mark that may be harmed by the alleged infringement. According to the Second Amended Complaint ("SAC"), Plaintiff's purported rights in the Red Ribbon mark and the OVERHEAD DOOR COMPANY OF ATLANTA mark (collectively, the "Marks") are partially—if not entirely—derivative of the rights of ODC. Mobile Motion intends to dispute the validity of the Marks on multiple grounds. The determination of the Marks' validity cannot be assessed without the involvement of ODC.

    d.    <u>Fair Use</u>. To the extent that Plaintiff possesses any enforceable and exclusive rights in the Marks, those rights are extremely weak given the highly

descriptive nature of the Marks. Any use of the Marks by Mobile Motion was in a purely descriptive sense and was not to identify the origin of its goods and services. Such use of the Marks constitutes a fair use and cannot constitute a violation of 15 U.S.C. §1125(a).

  e. <u>Nominal Fair Use & The First Sale Doctrine</u>. A person who resells branded goods or services without change is not an infringer. As a general rule, trademark law does not reach the sale of genuine goods bearing a true mark even though the sale is not authorized by the mark owner. The same right extends to a retailer's use of a mark in cyberspace. A retailer can use a brand name on website ads selling that branded product without a license from the trademark owner. The right of a producer to control distribution of its trademarked product does not extend beyond the first sale of the product. Resale by the first purchaser of the original article under the producer's trademark is neither trademark infringement nor unfair competition.

  Some—if not all—of the conduct complained of in the SAC falls within the First Sale Doctrine. For example, in Paragraph 35 of the SAC, Plaintiff alleges that <justgaragedoorremotes.com> invites users to click on the brand names of different garage door manufacturers in order to buy their remotes. In turn users are shown remotes that are compatible with Plaintiff's goods. To the extent this

//

allegation is accurate, the conduct falls within the nominal fair use defense and first sale doctrine.

    f.    <u>Laches, Estoppel, & Waiver</u>.  Plaintiff's claims are barred in whole or in part by the doctrine of laches.  Plaintiff did know, or should have known of the acts it now complains of well before the initiation of this lawsuit.  Thus, the complained-of website has been active since 2004.  Despite this knowledge, Plaintiff engaged in an unreasonable delay in taking any legal action.  For the same reasons, Plaintiff has waived any claim or cause of action against Mobile Motion for the acts alleged in the SAC, and Plaintiff should be estopped from bringing this lawsuit.

    g.    <u>Failure to Mitigate Damages</u>.  Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to use ordinary care and diligence to take all necessary steps to mitigate and minimize any damages Plaintiff claims to have sustained and for which it seeks recovery in this action.  Among other things, Plaintiff did know, or should have known of the acts it now complains of well before the initiation of this lawsuit.  Thus, the complained-of website has been active since 2004.  Despite this knowledge, Plaintiff engaged in an unreasonable delay in taking any legal action.  Plaintiff failed to make any effort short of litigation to prevent the supposed harm it was suffering.

//

h. <u>Failure to Bring Action Within Limitations Period</u>. Plaintiff's second and third causes of action are barred by the statute of limitations. Plaintiff did know, or should have known of the acts it now complains of well before the initiation of this lawsuit. Thus, the complained-of website has been active since 2004. Despite this knowledge, Plaintiff engaged in an unreasonable delay in taking any legal action.

**4. Describe in detail all statues, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

A summary of relevant statutes and illustrative case law follows. This list is not intended to be complete or to serve as a complete recitation of Mobile Motion's defenses:

1. 15 U.S.C. §1125(a)

2. O.C.G.A. §10-1-370 *et seq.*

3. O.C.G.A. §23-2-55 *et seq.*

4. *Atlanta Allergy and Asthma Clinic, P.A. v. Allergy & Asthma of Atlanta, LLC*, 685 F.Supp.2d 1360 (N.D. Ga. 2010) (to be entitled to trademark protection, a mark must be valid and distinctive);

5. *Two Pesos, Inc. v. Taco Cabana, inc.*, 505 U.S. 763 (general principles qualifying mark for registration under Lanham Act are applicable in determining whether unregistered mark is entitled to protection under Act);

6. *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 703 F. Supp. 2d 1307 (S.D. Fla. 2010) (unregistered trademark rights can be acquired, but only within those markets where the mark has been used and its meaning become known; specifically, a plaintiff must show that (1) it is the prior user of the unregistered mark in the area and (2) it acquired a protectable interest in the mark because the mark is either inherently distinctive or has acquired a secondary meaning);

7. *Rain Bird Corp. v. Taylor*, 665 F. Supp. 2d 1258 (N.D. Fla. 2009) (trademark protection from unfair competition under the Lanham Act is only available to distinctive marks; that is, marks that serve the purpose of identifying the source of the goods or services);

8. *American Television and Communications Corp. v. American Communications and Television, Inc.*, 810 F.2d 1546 (11th Cir. 1987) (descriptive trade name identifies characteristic or quality of article or service, and may become protectable trade name only if it acquires secondary meaning.  Whether descriptive trade name has acquired secondary meaning depends upon length and manner of its use, nature and extent of advertising, promotion and sales, user's efforts to promote conscious connection in public's mind between name and its product or business, and extent to which public actually identifies name with product or business.

High degree of proof is necessary to establish secondary meaning for descriptive trade name which suggests basic nature of product or service, so that trade name would acquire protection);

9. *Knights Armament Co. v. Optical Systems Technology, Inc.*, 647 F. Supp. 2d 1321 (M.D. Fla. 2009) (to determine whether descriptive mark has acquired secondary meaning, courts consider: (1) length and manner of its use; (2) nature and extent of advertising and promotion; (3) efforts made by user of mark to promote conscious connection in public's mind between name and user's product or business; and (4) extent to which public actually identifies name with user's product or venture);

10. *Impreglon, Inc. v. Newco Enterprises, Inc.*, 508 F. Supp. 2d 1222 (N.D. Ga. 2007) (in determining whether unregistered descriptive trademark has acquired secondary meaning, so as to be protectable under Lanham Act, courts are to consider (1) the length and manner of mark's use, (2) the nature and extent of advertising and promotion, (3) the efforts made by the mark holder to promote a conscious connection in the public's mind between the name and its business, and (4) the extent to which the public actually identifies the name with the holder's goods and services);

11. *Tana v. Dantanna's*, 611 F.3d 767 (11th Cir. 2010) (in evaluating whether there is a likelihood of confusion between two marks, for trademark

Case 1:10-cv-01524-JOF   Document 37   Filed 10/19/10   Page 9 of 14

infringement purposes, the court applies a multifactor test, evaluating the following seven factors: (1) strength of the mark alleged to have been infringed, (2) similarity of the infringed and infringing marks, (3) similarity between the goods and services offered under the two marks, (4) similarity of the actual sales methods used by the holders of the marks, such as their sales outlets and customer base, (5) similarity of advertising methods, (6) intent of the alleged infringer to misappropriate the proprietor's good will, and (7) the existence and extent of actual confusion in the consuming public);

12. *St. Luke's Cataract and Laser Institute, P.A. v. Sanderson*, 573 F.3d 1186 (11th Cir. 2009) (same);

13. *In re Impact Distributors, Inc.* 260 B.R. 48 (S.D. Fla. Bkrtcy. 2001) (mere conception of mark confers no trademark rights; it is actual use of mark in connection with particular business that is required).

**5. Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

1. Doron Kim

    c/o Kronenberger Burgoyne, LLP

    150 Post Street

Suite 520

San Francisco, CA 94108

(415) 955-1155

Subjects of Information: The business operations of Mobile Motion; the registration of the domain names of Mobile Motion; the design and creation of the websites of Mobile Motion; the operation and maintenance of the websites of Mobile Motion; the advertising, marketing, and promotion of the websites of Mobile Motion; Mobile Motion's relationship with Global Distribution Services, Inc.

2. David Perez

    c/o Kronenberger Burgoyne, LLP

    150 Post Street

    Suite 520

    San Francisco, CA 94108

    (415) 955-1155

    Subjects of Information: The business operations of Mobile Motion; the registration of the domain names of Mobile Motion; the design and creation of the websites of Mobile Motion; the operation and maintenance of the websites of Mobile Motion; the advertising, marketing, and promotion of the websites of Mobile Motion; Mobile

      Motion's relationship with Global Distribution Services, Inc.

  3.  Global Distribution Services, Inc.

      c/o Alston & Bird LLP

      One Atlantic Center

      1201 West Peachtree Street

      Atlanta, GA  30309-3449

      (404) 881-7000

      Subjects of Information: Global Distribution Services, Inc. ("GDS")

      relationship with Mobile Motion; GDS' alleged misuse of the Marks;

      GDS' provision of goods and services at issue in this action.

**6.     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

At this time, Mobile Motion has not identified any person who may be used

at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of

Evidence.

**7.     Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, indentifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

11

Categories of Documents:

   a. Documents regarding the domain names of Mobile Motion;

   b. Documents regarding the design and creation of websites of Mobile Motion;

   c. Documents regarding the display of websites of Mobile Motion;

   d. Communications with GDS;

   e. Documents regarding the pay-per-click advertising of the websites of Mobile Motion;

Location of Documents:

   a. The above-referenced documents are located on the computer systems of Mobile Motion, which are located at Mobile Motion's offices at 111 Pier Ave, Suite 111, Hermosa Beach, CA 90254, and RackSpace, US Inc. located at 9725 Datapoint Dr., San Antonio, TX 78229.

**8.     In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

At this time, Mobile Motion does not claim any damages, other than the attorneys' fees and costs it has incurred and will incur in defending this action.

**9.     If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Other than as identified in Plaintiff's SAC, Mobile Motion does not contend that any other legal entity is liable to Plaintiff.

**10.     Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Mobile Motion does not possess an applicable insurance agreement.

Dated this 12th day of October, 2010.         **KRONENBERGER BURGOYNE, LLP**

By: s/ Karl S. Kronenberger

Karl S. Kronenberger
Georgia Bar No. 429898
150 Post Street, Suite 520
San Francisco, CA 94108
Karl@KBInternetLaw.com
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Defendant,
Mobile Motion, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2010 I electronically filed Defendant Mobile Motion, Inc.'s Initial Disclosures with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

*Attorneys for Plaintiff:*

Katharine Sullivan
Richard Charles Henn, Jr.
Kilpatrick Stockton-Atlanta
1100 Peachtree Street N.E., Suite 2800
Atlanta, GA 30309-4530
Email: sullivan@kilpatrickstockton.com
Email: chenn@kilpatrickstockton.com

*Attorneys for Defendant Global Distribution Services, Inc.:*

David J. Stewart
Nadua May Munasifi
Alston & Bird
1201 West Peachtree Street
One Atlantic Center
Atlanta , GA 30309-3424
Email: dstewart@alston.com
Email: nadya.munasifi@alston.com

I also certify that the above document was previously served via email on the aforementioned counsel on October 12, 2010.

Dated this 19th day of October, 2010.

**KRONENBERGER BURGOYNE, LLP**

By:   s/ Karl S. Kronenberger

Karl S. Kronenberger
Georgia Bar No. 429898

KRONENBERGER BURGOYNE LLP
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
Karl@KBInternetLaw.com

Attorneys for Defendant, Mobile Motion, Inc.