IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D. H. PACE COMPANY, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GLOBAL DISTRIBUTION )<br>SERVICES, INC. and MOBILE )<br>MOTION, INC. )<br>)<br>Defendants. )<br>_____) | Civil Action No. 1:10-cv-1524-JOF |

**DEFENDANT GLOBAL DISTRIBUTION
SERVICES, INC.'S INITIAL DISCLOSURES**

**1. If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Defendant is properly named.

**2. Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Global Distribution Services, Inc. ("GDS") believes that Overhead Door Corporation ("ODC") is an indispensable party. ODC is the owner and licensor of the putative trademarks and trade names used by D. H. Pace Company, Inc. ("D.H. Pace") that are at issue in this case.

**3. Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

The following response is based on information presently available to GDS. GDS reserves the right to supplement its response if discovery leads to different or additional factual bases for GDS's defenses.

GDS is entitled to judgment on D.H. Pace's claims for federal unfair competition, unfair and deceptive trade practices under O.C.G.A. § 10-1-370 *et seq.*, and unfair competition under O.C.G.A. § 23-2-55 and the common law of Georgia.  D.H. Pace does not own enforceable rights in the service mark or trade name "Overhead Door Company of Atlanta" or the phrase "overhead door" for several reasons, including that the terms are generic and widely used by third parties.  GDS's use of the terms "Atlanta" and "Overhead Door" further constitutes fair use.  Even if D.H. Pace owned protectable rights in the mark or name "Overhead Door Company of Atlanta," GDS's use of the phrases "overhead door Atlanta," "Atlanta overhead door," "overhead door," the domain name <atlantaoverheaddoor.com>, and the minor use of the color red on its website are not likely to deceive or cause confusion with D.H. Pace or its goods or services.

D.H. Pace's causes of action are further barred in whole or in part by laches, waiver and/or applicable statutes of limitation.  D.H. Pace knew, or should have known, of the existence of many if not all of its claims well prior to its filing of this

lawsuit. D.H. Pace's unreasonable delay in bringing this action has resulted in undue prejudice to GDS and therefore bars D.H. Pace's right to recovery on its claims. D.H. Pace's claims for damages are barred due to its failure to mitigate its damages as a result of its failure to timely bring this action.

**4. Describe in detail all statues, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

Factual investigation and discovery in this matter are ongoing and are likely to influence which statutes, codes, regulations, legal principles, standards and customs or usages and illustrative case law are applicable. GDS reserves the right to supplement its following legal authorities and principles after further investigation, discovery and trial preparation.

- 15 U.S.C. § 1125(a)
- O.C.G.A. § 10-1-370 *et seq*.
- O.C.G.A. § 23-2-55
- *American Television and Communications Corp. v. American Communications and Television, Inc.*, 810 F.2d 1546 (11th Cir. 1987) (affirming district court's finding that plaintiff's trade name was, at best, descriptive, and that plaintiff failed to prove the name had acquired secondary meaning).
- *Tana v. Dantanna's*, 611 F.3d 767 (11th Cir. 2010) (describing likelihood of confusion factors).

**5. Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the**

**subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See attachment A.

**6. Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

GDS has not determined whether it needs to retain the services of an expert witness to present evidence at trial. GDS will disclose such persons as required under the Federal and Local Rules if it determines that the services of an expert are needed.

**7. Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, indentifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

GDS's factual investigation in this matter is ongoing and GDS reserves the right to use additional documents as additional documents and information become available to it. Subject to the foregoing, GDS may rely on the following categories of documents, data compilations and tangible things:  See Attachment C.

**8. In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and**

copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

GDS requests that D.H. Pace's Complaint be dismissed and that GDS be awarded its costs and fees incurred in defending the claims asserted by D.H. Pace. GDS will not be able to compute its relevant fees and costs until this matter has concluded.

**9. If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Other than the parties identified in this lawsuit, GDS does not contend that any third party is liable to D.H. Pace.

**10. Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

There is no applicable insurance agreement.

Date:  October 20, 2010

/s/ Nadya Munasifi
Nadya Munasifi

**CERTIFICATE OF COMPLIANCE**
Pursuant to Local Rule 7.1D, the attached pleading complies with the requirements prescribed by Local Rule 5.1B and uses 14 point Times New Roman Font.

/s/ Nadya Munasifi
Nadya Munasifi

## Attachment A

| Witness Name | Contact Information | Subjects |
|---|---|---|
| Marlene Stephens | GDS May be contacted through counsel. | Ms. Stephens is the President of GDS and has knowledge of GDS' business operations |
| Robert Rudd | GDS May be contacted through counsel. | Mr. Rudd has knowledge of GDS' business operations in Atlanta. |

## **Attachment C**

These documents are in the possession and custody of GDS and will be produced upon request. GDS will supplement its disclosures as required by the Federal Rules.

(1) Documents regarding third-party use of the phrase "overhead door."

(2) Documents related to GDS's Internet advertising.

(3) Documents related to GDS's website.

(4) Documents regarding GDS's relationship with Mobile Motion, Inc. and registration and use of the <atlantaoverheaddoor.com> domain name.

(5) Documents regarding GDS's advertising and promotion.

# CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true and correct copy **Defendant Global Distribution Services, Inc.'s Initial Disclosures** by email to the following attorneys of record:

*Attorneys for Plaintiff*:
R. Charles Henn, Jr.
Katharine Sullivan
Kilpatrick Stockton LLP
1100 Peachtree Street N.E., Suite 2800
Atlanta, GA 30309-4530
Email: CHenn@KilpatrickStockton.com
          KSullivan@KilpatrickStockton.com

*Attorney for Defendant Mobile Motion, Inc.*
Karl S. Kronenberger
Kronenberger Burgoyne, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
Email: Karl@KBInternetLaw.com


This 20th day of October, 2010.

/s/ Nadya Munasifi
Nadya Munasifi
Georgia Bar Number 156051
nadya.munasifi@alston.com

*Attorney for Defendant Global Distribution Services, Inc.*