IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| D. H. PACE COMPANY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO.  1:10-cv-1524-JOF |
| v. | § | |
| | § | |
| GLOBAL DISTRIBUTION | § | |
| SERVICES, INC. and MOBILE | § | |
| MOTION, INC. | § | |
| | § | |
| Defendants. | § | |

## STIPULATED PROTECTIVE ORDER

Pursuant to the stipulation of the parties and in accord with Federal Rule of

Civil Procedure 26(c),

IT IS HEREBY ORDERED THAT:

1.    The content of any document or thing produced by any party or third

party, any interrogatory answer made by any party, any photograph, note, sketch or

other recordation taken of a party's facility, equipment or method of operation, any

deposition testimony taken and any exhibit marked by any party in this action, any

information learned as a result of an inspection under Federal Rule of Civil

Procedure 34, and any other information, document or thing received from a party

1

or third party in the course of this litigation (hereinafter collectively identified as "information"), except published information of any origin and non-published information which is publicly available, is subject to this Protective Order.

2.     Any party to this action who reasonably believes that any such information is a trade secret or other confidential research, development or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure has the right, through its counsel, to designate such information "CONFIDENTIAL" in accordance with Paragraphs 3 or 5 below.  Such designated information will thereafter be subject to the terms of this Protective Order, and use or disclosure of information so designated will be restricted as set forth herein.

3.     To designate information as confidential information and thereby subject it to this Protective Order, the party disclosing the information must place upon the document, thing, paper, or other tangible embodiments of the information, a legend substantially as follows:

CONFIDENTIAL:  SUBJECT TO PROTECTIVE ORDER

Except as otherwise set forth herein, non-tangible information must be expressly designated as confidential information subject to this Protective Order at the time of its disclosure or such status may be designated in writing by the disclosing party within a reasonable time after the disclosure.

4.      The information designated "CONFIDENTIAL:  SUBJECT TO
PROTECTIVE ORDER" as discussed in paragraph 3 above, and all tangible
embodiments thereof, all copies thereof, the substance thereof, and all information
contained therein ("Confidential Material"):

(a)      must not be disclosed or distributed by counsel or any other
person receiving, viewing or hearing the Confidential Material to any
person other than to (1) counsel (including their secretaries,
paralegals, and other regular employees) for either party; (2) parties or
partners, directors, officers, and regular employees of a party to the
extent such disclosure is necessary for the trial or preparation for trial
of the above-captioned action; (3) expert witnesses or consultants
hired by counsel for either party, who are assisting counsel in
preparation of this action for trial; and (4) the Court and its
employees;

(b)      must not be used by any person for any other lawsuit or for any
purpose other than the preparation for and trial of this case;

(c)      should filing under seal be desired or required, the party shall
first present to chambers a motion to file under seal, attaching to the
motion the material desired to be sealed. The party shall indicate by

-3-

entry of a "notice" on the CM/ECF docket that a motion to seal has been presented to the chambers. If the Court determines that the motion is to be granted, the Court will forward the signed motion and accompanying materials to the Clerk of the Court for entry of the motion on CM/ECF docket and appropriate filing of the sealed materials. If the Court determines that the motion is to be denied, the Court will contact the filing party which may then retrieve the motion and materials.  Upon approval by the Court, the document must not be disclosed by any person except upon further order of the Court.  On the sealed envelope or container shall be affixed the caption of this action and a statement substantially in the following form:

> CONFIDENTIAL:  SUBJECT TO PROTECTIVE ORDER -- This envelope contains documents which have been filed in this case by [name of party] and are not to be opened nor the contents thereof to be displayed or revealed except by the Court or upon order of the Court;

(d)     must not be disclosed to any person within the categories of paragraphs 4(a)(2) and 4(a)(3), unless the provisions of paragraph 7 of this Protective Order are agreed to and followed.

5.     To designate information for attorneys' review only and thereby subject it to this Protective Order, the party disclosing the information must place

upon the document, thing, paper, or other tangible embodiments of the

Information, a legend substantially as follows:

CONFIDENTIAL:  ATTORNEYS ONLY

Except as otherwise set forth herein, non-tangible information must be expressly

designated as attorneys' review only subject to this Protective Order at the time of

its disclosure or such status may be designated in writing by the disclosing party

within a reasonable time after the disclosure.

A party designating information for attorneys' review only may do so

only upon a good faith belief that disclosure other than subject to these terms may

cause the party to suffer serious competitive or commercial damage.

6. The information designated "CONFIDENTIAL:  ATTORNEYS

ONLY" as discussed in paragraph 5 above, all tangible embodiments thereof, all

copies thereof, the substance thereof, and all information contained therein

(collectively, "Attorneys Only Material"):

(a) must not be disclosed or distributed by counsel or any other

person receiving, viewing or hearing the Attorneys Only Material

("receiving person") to any person other than to (1) outside counsel

(including their secretaries, paralegals, and other regular employees)

for either party; (2) independent consulting or testifying experts hired

by outside counsel for either party, not affiliated with or employed by either of the parties, who are assisting outside counsel in preparation of this action for trial; and (3) the Court and its employees;

(b)      must not be used by any person for any other lawsuit or for any purpose other than the preparation for and adjudication of this case;

(c)      should filing under seal be desired or required, the party shall first present to chambers a motion to file under seal, attaching to the motion the material desired to be sealed. The party shall indicate by entry of a "notice" on the CM/ECF docket that a motion to seal has been presented to the chambers. If the Court determines that the motion is to be granted, the Court will forward the signed motion and accompanying materials to the Clerk of the Court for entry of the motion on CM/ECF docket and appropriate filing of the sealed materials. If the Court determines that the motion is to be denied, the Court will contact the filing party which may then retrieve the motion and materials.  Upon approval by the Court, the document must not be disclosed by any person except upon further order of the Court.  On the sealed envelope or container shall be affixed the caption of this action and a statement substantially in the following form:

> CONFIDENTIAL:  SUBJECT TO PROTECTIVE
> ORDER -- This envelope contains documents which
> have been filed in this case by [name of party] and are
> not to be opened nor the contents thereof to be displayed
> or revealed except by the Court or upon order of the
> Court;

and

(d)     must not be disclosed to any person within the category of

paragraph 6(a)(3) unless the provisions of paragraph 7 of this

Protective Order are agreed to and followed.

7.     Prior to disclosing any Confidential Material or Attorneys Only

Material to any person described in paragraphs 4(a)(2), 4(a)(3), or 6(a)(3), counsel

for the respective party(ies) must explain the contents of this Protective Order to

that person.  The receiving person must agree to be bound by the terms of this

Protective Order and, for all persons in the categories identified in subparagraphs

4(a)(3) and 6(a)(3) of this order, must execute a declaration identical to Exhibit "1"

attached hereto.  Counsel for the respective party(ies) must maintain the originals

of all such declarations.

8.     Documents need not be designated as Confidential Material or

Attorneys Only Material at the time of a document inspection pursuant to Rules

33(c) or 34; however, such documents must be so designated at the time copies are

delivered to the opposing party.  An interrogatory answer must be so designated at

or prior to the time the answer is served on an opposing party by placing the appropriate notation prominently on each answer containing information deemed confidential.  Failure to designate documents or tangible things as Confidential or Attorneys Only at the time of production will not constitute a waiver of such claim if the designation is made within a reasonable time thereafter.

9.     The parties may agree on any method for producing documents.  The following procedure is to be followed in any inspections of the parties' original documents and things:

(a)     The inspections will be limited to counsel for the parties, their partners and their employees;

(b)     All documents and things produced for inspection will temporarily be treated as if they had been stamped "CONFIDENTIAL:  ATTORNEYS ONLY" pursuant to the Protective Order regarding confidential information.  For the purposes of these documents and things, it will not be necessary for the producing party to have them stamped confidential, and the producing party will not be deemed to have waived any confidential designation by the lack of a confidential legend on the documents and things at the time of inspection; and

(c)      During the course of the inspection, the inspecting personnel will tag those documents which are to be copied and later provided. Upon obtaining photocopies of the tagged documents, the producing party will then stamp the "CONFIDENTIAL:  SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL:  ATTORNEYS ONLY" legend on those documents that the producing party believes should be so designated.  Upon receipt of the photocopied documents, the inspecting personnel will no longer be required to treat as Confidential Material or  Attorneys Only Material those documents and things that do not bear a confidential legend.  However, the inspecting personnel will continue to treat as Attorneys Only Material all other documents that were reviewed but were not tagged to be photocopied.

10.    (a) During any deposition, hearing or trial, Confidential Material may be disclosed to any deponent or witness (i) who is indicated on the face of the document to be its originator, author or recipient of a copy of said document; or (ii) who has been designated under Federal Rule of Civil Procedure 30(b)(6) by the producing party; or (iii) other persons entitled hereunder to have access to Confidential Material, including court reporters hired by counsel of either party

who are not and have never been affiliated with the parties; and to no other persons unless prior authorization is obtained from counsel representing the producing party or from the Court.  During any deposition, hearing or trial, Attorneys Only Material may be disclosed to any deponent or witness (i) who is indicated on the face of the document to be its originator, author, or recipient of a copy of the document; or (ii) who has been designated under Federal Rule of Civil Procedure 30(b)(6) by the producing party; or (iii) other persons entitled hereunder access to Attorneys Only Material; and to no other persons unless prior authorization is obtained from counsel representing the producing party or from the Court.

(b)  Parties may, on the record during a deposition, hearing or trial or in writing within thirty (30) days after receipt of a deposition, hearing or trial transcript, designate to all parties any pages or lines thereof containing Confidential Material or Attorneys Only Material.  Unless testimony is designated as Attorneys Only Material at or before the time of the deposition, all deposition testimony provided by a party or a party's expert witness will be treated as Confidential Material for a period of 30 days after the taking of the deposition. Thereafter, the deposition will only be covered by this Protective Order if specifically designated as either Confidential Material or Attorneys Only Material. The portion of any deposition, hearing or trial transcript so designated must be

transcribed or marked by each party as a separate record, and access thereto will be limited in accordance with the terms of this Protective Order.

(c) During any portion of a deposition during which any witness is providing testimony regarding Confidential Material or Attorneys Only Material, any person not authorized to have access to such material shall be excluded from that portion of the deposition.

11. The termination of proceedings in this action will not relieve any person to whom confidential information was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Protective Order.

12. Upon final termination of this action, each party must assemble and, as agreed, must either destroy or return within thirty (30) days all items designated as Confidential Material or Attorneys Only Material.  Written verification of destruction must be given immediately after such destruction, and receipt of material returned to the supplier must be acknowledged in writing.

13. Any document or testimony transcript designated as Confidential Material or Attorneys Only Material pursuant to this Protective Order will be treated pursuant hereto, unless confidentiality is waived in writing by the party asserting it or a Court order is obtained in accordance with Paragraph 16.  To aid

the Court in considering requests pursuant to Paragraph 16, the parties agree that Confidential Material or Attorneys Only Material will not include information that:

(a)     was, is, or becomes public knowledge, not in violation of this Protective Order, as shown by written documents;

(b)     was previously known to the receiving party or was developed independently by the receiving party, as shown by written documents.

14.     Allowance of an initial inspection of documents (including physical objects) will not constitute a waiver of the attorney/client privilege or work product immunity with respect to any document so inspected.  Furnishing copies of any document or thing to the opposing party also will not constitute a waiver of the attorney/client privilege or work-product doctrine, if within a reasonable time after the opposing counsel receipt, the producing party designates any such documents or things as within either the attorney/client privilege or work product doctrine and requests the return of any such documents or things to the producing party.  Upon such a request, the receiving party immediately must return to the producing party all copies of such documents or things and must destroy all notes or summaries made regarding such documents or things.  Nothing herein will prevent the receiving party from challenging the propriety of the attorney/client privilege or

work-product immunity designation by filing an appropriate motion with the Court.

15.     Nothing in this Protective Order forecloses or limits any party from asserting that any information designated Confidential Material or Attorneys Only Material pursuant to this Protective Order is, in fact, not protectable as such within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure and/or paragraph 14 above.  The failure to designate information in accordance with this Protective Order and the failure to object to a designation at a given time does not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.

16.     The parties may by written stipulation waive all or any part of their rights under this Protective Order and any party may seek an order of the Court modifying this Protective Order.  Any party also has the right to move the Court for an order modifying or vacating the structures on disclosure imposed by this Protective Order as applied to any item or items designated pursuant hereto.  In the event that a party challenges an assertion of confidentiality, the party asserting confidentiality has the burden of proving that the information is, in fact, confidential.

17.     To the extent that any discovery is taken of any person who is not a party to this action ("Third Party"), and in the event such Third Party or any party contends that the discovery sought involves confidential material; then, such Third Party must agree to execute, join in, and be bound by this Protective Order.  Then such Third Party's confidential information will be protected by this Protective Order.

18.     The Court will retain jurisdiction over the parties for purposes of enforcement of this Protective Order.

Dated: January __, 2011                    SO ORDERED:


                                           _____
                                           Judge J. Owen Forrester
                                           United States District Judge

APPROVED FOR ENTRY:

s/ R. Charles Henn Jr.
R. Charles Henn Jr.
Katharine Sullivan
KILPATRICK TOWNSEND &
STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309 (404) 815-6500
(404) 815-6555 (fax)
Email:
CHenn@KilpatrickTownsend.com
KSullivan@KilpatrickTownsend.com

*Attorneys for Plaintiff*

/s/ David J. Stewart
David J. Stewart
Nadya May Munasifi
ALSTON & BIRD
1201 West Peachtree St.
One Atlantic Center
Atlanta, GA 30309-3424
(404) 881-7952
(404) 253-8381 (fax)
Email: dstewart@alston.com

*Attorneys for Defendant Global
Distribution Services, Inc.*

/s/ Karl S. Kronenberger
Karl S. Kronenberger
KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
(415) 955-1155
(415) 955-1158 (fax)
Email: Karl@KBInternetLaw.com

*Attorneys for Defendant Mobile Motion, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| D. H. PACE COMPANY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO.  1:10-cv-1524-JOF |
| v. | § | |
| | § | |
| GLOBAL DISTRIBUTION | § | |
| SERVICES, INC. and MOBILE | § | |
| MOTION, INC. | § | |
| | § | |
| Defendants. | § | |

DECLARATION OF  <<_____>>
RE: STIPULATED PROTECTIVE ORDER
WITH RESPECT TO CONFIDENTIAL INFORMATION AND DOCUMENTS

I, _____, declare that:

1.      My address is

_____

_____

2.      My present employer is _____

and the address of my present employment is

_____

_____

-16-

3.    I have read and know the contents of the Stipulated Protective Order in the above-captioned case.

4.    I am one of the persons described in the Protective Order, and I am executing this Declaration and agreeing to be bound by its terms in order to satisfy the conditions provided in the Protective Order prior to the disclosure to me of any confidential information under the Protective Order.

5.    I have read and agree to be fully bound by the terms of the aforesaid Protective Order.

6.    All such documents and information which are disclosed to me pursuant to the Protective Order will be maintained by me in strict confidence and I will not disclose or use the original or any copy of, or the subject of, such documents and/or information except in accordance with the aforesaid Protective Order.

7.    I will not use or refer to any of the aforesaid documents and/or information, or copies thereof, other than in connection with the above-entitled action and as provided in the Protective Order.

8.    I will, upon being notified of the termination of the above-entitled action, return all copies of such documents to counsel from whom I receive such documents, and I will destroy any notes and/or memoranda I have regarding the aforesaid documents and/or information.

9.      I subject myself to the continuing jurisdiction of the Court over my

person, wherever I shall be, for the enforcement of the aforesaid Protective Order.

10.     I declare under penalty of perjury under the laws of the United States

of America that the foregoing is true and correct.

Date:_____        _____

                                      [SIGNATURE]